# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FANNIE M. EVANS,
                    Appellant,

              v.

DEPARTMENT OF THE AIR FORCE,
                    Agency.

DOCKET NUMBER
DC-0752-13-6505-I-1

DATE: September 9, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Matthew E. Hughes, Esquire, Washington, D.C., for the appellant.

Jeremiah Crowley, Joint Base Andrews, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1        The appellant has filed a petition for review of the initial decision, which affirmed her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant filed an appeal of the agency's action removing her from the position of Medical Support Assistant, GS-05. Initial Appeal File (IAF), Tab 1. The agency proposed the appellant's removal based on the following charges: (1) conduct unbecoming a Federal employee (two specifications); and (2) failure to follow leave procedures resulting in absence without leave (AWOL) (two specifications). IAF, Tab 5 at 56. After receiving the appellant's replies to the proposed action, the agency issued a decision that sustained both specifications of the conduct unbecoming charge and the first specification of the AWOL charge. Thus, the agency found that the charges were supported and that the penalty of removal was warranted. *Id.* at 24-56. The appellant was removed effective September 11, 2013. *Id.* at 24. She filed an appeal challenging the charged misconduct, but she did not raise any affirmative defenses. IAF, Tab 1.

¶3 After holding a hearing, the administrative judge sustained the first specification of the conduct unbecoming charge, finding that the agency established that the appellant misinformed a patient regarding the need for lab work, which resulted in inconvenience to the patient and poor customer service. IAF, Tab 28, Initial Decision (ID) at 3-11. The administrative judge also

sustained the second specification, finding that the agency established by preponderant evidence that the appellant failed to ensure that a patient was timely seen by the physician and, as a result, the patient's appointment was unnecessarily delayed, which resulted in poor customer service. Thus, the administrative judge sustained the conduct unbecoming charge.

¶4 Further, the administrative judge sustained the AWOL charge, finding that the agency proved that the appellant was absent without authorization from May 7-10, 2013. Specifically, the administrative judge found that the appellant was provided notification of the medical documentation required to support her leave request, that the appellant did not provide sufficient medical documentation, and that, because the appellant failed to follow those leave procedures, the agency properly charged her with AWOL. ID at 15. The administrative judge concluded that the agency-imposed penalty of removal promoted the efficiency of the service and was reasonable under the circumstances of this case. ID at 18‑19.

## ANALYSIS

¶5 On review, the appellant challenges the administrative judge's findings and determinations on each of the charges. Petition for Review (PFR) File, Tab 1. As to the conduct unbecoming charge, the appellant contends that the agency failed to prove that she provided misinformation to a patient about scheduled lab work, which resulted in an inconvenience to the patient and poor customer service; that she failed to ensure that a patient was timely seen by a doctor; and that she further failed to notify a medical technician that the patient was waiting to be seen by a doctor, resulting in the patient waiting an additional 30-40 minutes. PFR File, Tab 1 at 5-12. The appellant asserts that the agency must prove each specification of the conduct unbecoming charge by preponderant evidence and that the agency failed to do so.

¶6      However, a charge of conduct unbecoming has no specific elements of proof; the agency establishes the charge by proving the appellant committed the acts alleged under this broad label. *Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010). Such a charge typically involves conduct that is improper, unsuitable, or otherwise detracts from one's character or reputation. *Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 42 (2010), *aff'd*, 635 F.3d 526 (Fed. Cir. 2011). Rude, discourteous, and unprofessional behavior in the workplace is outside the accepted standards of conduct reasonably expected by agencies and can be the subject of discipline. *See Holland v. Department of Defense*, 83 M.S.P.R. 317, ¶¶ 10‑12 (1999) (sustaining a removal for rude and discourteous behavior); *Wilson v. Department of Justice*, 68 M.S.P.R. 303, 309-10 (1995) (sustaining a removal for disrespectful conduct and the use of insulting, abusive language); *Peters v. Federal Deposit Insurance Corporation*, 23 M.S.P.R. 526, 529 (1984) (sustaining a removal for discourteous and unprofessional conduct), *aff'd*, 770 F.2d 182 (Fed. Cir. 1985) (Table). Further, and contrary to the appellant's assertion, an agency is required to prove only the essence of its charge and need not prove each factual specification supporting the charge. *Hicks v. Department of the Treasury*, 62 M.S.P.R. 71, 74 (1994), *aff'd*, 48 F.3d 1235 (Fed. Cir. 1995) (Table).

¶7      The appellant did not deny the alleged misconduct in her reply to the agency's proposal notice. IAF, Tab 5 at 52. Rather, she argued that the agency failed to tell her either in writing or verbally that her behavior was an issue. Further, the appellant never addressed this incident during the hearing and she offered nothing to refute the testimony offered by agency witnesses, either below or on review. Thus, to the extent the appellant now argues that the administrative judge improperly credited the veracity of the patient's accusation over her testimony, and that the administrative judge accorded no weight to the possibility that the patient miscomprehended the information that was allegedly provided to

her by the appellant, the appellant's arguments are mere disagreement with the administrative judge's credibility determinations and provide no basis for review. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (observing that mere reargument of factual issues already raised and properly resolved by the administrative judge below do not establish a basis for review).

¶8       The appellant also argues on review that the agency failed to prove specification 2 of the conduct unbecoming charge. We disagree. The agency utilized two different electronic record-keeping systems to check in patients. AHLTA was the more reliable system and the CHCHS-1 system was more user-friendly. The appellant testified below that she used the CHCHS-1 system because the AHLTA system was down, but she failed to provide any witnesses to support her claim. IAF, Tab 26, Hearing Compact Disc (HCD). In contrast, two agency witnesses testified that they had used the AHLTA system throughout the date in question and that the system was fully functional and that no other employees had checked patients in on the CHCHS‑1 system that day. *Id.* On review, the appellant does not reassert her claim that she used the CHCHA‑1 system because the AHLTA system was down, but instead argues for the first time that she should not be disciplined because the agency did not have a blanket policy requiring the AHLTA system to be used. PFR File, Tab 4 at 9-12. However, the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has failed to make such a showing here.

¶9       The appellant also argues that the administrative judge failed to accord any weight to the facts showing that she made multiple attempts to timely notify the physician that her patient had arrived, including both calling and walking back to

notify the technician. PFR File, Tab 4 at 9. The administrative judge considered the appellant's testimony regarding the incident. ID at 9-10. However, she found that it was inconsistent with the appellant's written reply to the proposed removal and with the testimony of agency witnesses. *Id.* We discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton*, 33 M.S.P.R. at 359 (same); *see Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002) (finding that the Board may overturn credibility determinations that are implicitly or explicitly based on demeanor only when it has "sufficiently sound" reasons for doing so). Here, even though the administrative judge did not explicitly cite to *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), in making her credibility determinations, the administrative judge did perform a proper *Hillen*-type analysis regarding the witnesses, and we find no reason to disturb her determination that the agency proved by preponderant evidence the charge of conduct unbecoming a Federal employee. ID at 3-15.

¶10    Concerning the charge of failure to follow leave procedures resulting in AWOL, the appellant argues that the agency improperly conflated two charges into one when it charged her with "[f]ailure to follow leave procedures resulting in AWOL." PFR File, Tab 4 at 12; IAF, Tab 5 at 56. However, while AWOL and failure to follow leave procedures are typically considered as distinct charges with different elements, in this case they are based on the same conduct and we find no error by the agency in charging her with a single charge. *See Valenzuela v. Department of the Army*, 107 M.S.P.R. 549, 553 n.* (2007); *Jones v. Department of Justice*, 98 M.S.P.R. 86, ¶ 16 (2004) (merging the charge of AWOL into the charge of failure to follow instructions, when both charges were based on the same underlying facts, i.e., the appellant's failure to follow

instructions by refusing to provide the necessary medical documentation to substantiate his alleged inability to work).

¶11    As to the merits of the AWOL charge, the appellant claims that she submitted medical documentation, which her supervisor, the proposing official, found to be insufficient, and that, while she was provided a 69-page regulation to review, her supervisor never explained what additional documentation was required.  PFR File, Tab 4 at 12-15.  The appellant contends that there is no evidence that her supervisor ever advised her of what constituted "sufficient medical documentation."  *Id*. at 14.

¶12    It is undisputed that the medical documentation the appellant provided consisted of a note from a physician stating only that she needed to be excused from work from May 6-13, 2013.  The documentation provided no reason for the appellant's absence, and the note was stamped and not personally signed by any medical professional.  IAF, Tab 6 at 5.  The record also reflects that the appellant met with her supervisor concerning the documentation she submitted and that her supervisor provided her a deadline of 14 days to submit additional documentation.  Her supervisor subsequently emailed her on the date it was due to see if she had obtained the necessary medical documentation.  *Id*. at 30.  The appellant did not submit any additional medical documentation to support her leave request.  In addition, the record evidence reflects that the appellant previously was counseled regarding proper leave procedures.  *Id*. at 25-28, 68, 72, 76, 81, 83.

¶13    During the hearing, the appellant and her supervisor both testified that the appellant refused to meet with her supervisor for any reason without a union official present.  IAF, Tab 26, HCD.  The appellant also testified that, when she and her union representatives met with her supervisor concerning her leave request, she was never advised of what was necessary to constitute sufficient medical documentation.  *Id*.  She testified further that, when she asked in the meeting what specific medical documentation was needed, her supervisor refused to tell her.  *Id.*  In contrast, the appellant's supervisor testified that, when she and

the Squadron Operations Officer met with the appellant and two union representatives, the supervisor explained to the appellant that her medical note required a diagnosis and her physician's signature. *Id.* The supervisor testified further that she told the appellant that she had to provide this information for her leave to be approved and provided her 14 days within which to submit it. *Id.*

¶14 The hearing testimony of both the appellant and her supervisor reflects that the appellant had two union representatives present at this meeting. *Id.* Thus, the appellant could have called either or both of these witnesses to testify on her behalf about what transpired during the meeting. The appellant failed to do so. Nor did she provide any other evidence to support her claim that her supervisor refused to tell her what was necessary to constitute sufficient medical documentation. To the extent the appellant is challenging the administrative judge's determination that the appellant's supervisor was more credible than the appellant, she has provided no basis upon which to disturb this determination. *See Haebe*, 288 F.3d at 1302. Accordingly, we find no basis upon which to disturb the administrative judge's determination that the agency proved by preponderant evidence that the appellant failed to provide the necessary medical documentation to substantiate her leave request, and thus, that she failed to follow leave procedures that resulted in her properly being charged AWOL.

¶15 The appellant additionally asserts that the agency failed to show nexus, and that the penalty of removal is too harsh. PFR File, Tab 4 at 15-17. However, "the nexus between the charged offense and the efficiency of the service is automatic when the charged offense is AWOL." *Bryant v. National Science Foundation*, 105 F.3d 1414, l417 (Fed. Cir. 1997). Similarly, inappropriate conduct is disruptive to the workplace and undermines the efficiency of the service. *Murray v. Department of the Army*, 40 M.S.P.R. 250, 255 (1989).

¶16 Finally, the deciding official's hearing testimony indicates that he considered the appellant's written response to the charged misconduct and applied the relevant *Douglas* factors appropriately when assessing which penalty to

impose.   IAF, Tab 26, HCD; Tab 5 at 28-37.   Furthermore, the administrative judge found no evidence that the appellant had any remorse for her conduct and that she did not accept any responsibility for her actions.   ID at 18.   Therefore, we discern no error with the administrative judge's finding that the penalty of removal was reasonable.   ID at 6.   Accordingly, the appellant has provided no basis upon which to disturb the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.   You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.   *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).   If you choose to file, be very careful to file on time.   The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.   *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.   It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).   You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.   Additional information is available at the court's website, www.cafc.uscourts.gov.   Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.